UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| | ) | |
| **LORI BETH PIGG,** | ) | **Case No. 14-50266-can7** |
| | ) | |
| | ) | |
| **Debtor.** | ) | |

## UNITED STATES TRUSTEE'S MOTION FOR DISGORGEMENT AND SANCTIONS

Daniel J. Casamatta, the Acting United States Trustee for Region 13, moves this Court

for disgorgement of fees and imposition of sanctions against attorney Michael McCrary pursuant

to 11 U.S.C. §§ 329 and 707(b)(4).  In support of this motion, the United States Trustee

respectfully states:

### Jurisdiction, Venue, and Parties

1. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) over which the Court has

   jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1).

2. This proceeding is a constitutionally and statutorily core proceeding under 28 U.S.C.

   § 157(b)(2)(J).

3. To the extent that McCrary denies that this proceeding is constitutionally or statutorily

   core, or the Court so finds, the United States Trustee consents to the entry of final orders

   and judgment by the Bankruptcy Court in accordance with Local Rule 7001-1.

4. McCrary filed a voluntary petition for relief under Chapter 7 of the United States

   Bankruptcy Code as counsel for Lori Beth Pigg on May 30, 2014.  The case was docketed

   and remains pending as Case No. 14-50266 ("Bankruptcy Case").

5. On May 30, 2014, McCrary filed a certification that the Rights and Responsibilities

Agreement had been executed.

6.  Bruce E. Strauss is the Chapter 7 trustee (the "Trustee").

7.  According to the Disclosure of Compensation, the Debtor paid McCrary a fee of $1,300

    for his services in the Bankruptcy Case.

### The Tax Refunds

8.  The Debtor is a single mother with three young children.  She is employed as a Certified

    Nurse Aide by Putnam County Memorial Hospital in Unionville, Missouri.

9.  In February 2014, the Debtor received and deposited into her bank account federal and

    state tax refunds totaling $10,355.

10. The Debtor has testified that she used these funds to pay McCrary's fees, to pay a debt of

    $3,654.53 to Putnam County State Bank for the benefit of her mother, and to pay her

    sister $2,000, among other payments.

11. The Debtor filed her Bankruptcy Case on May 30, 2014, within 90 days of making the

    payments with her tax refunds.

12. Neither the receipt of the tax refunds nor the payments made with these funds were

    disclosed on the Debtor's schedules and statements.

13. On March 25, 2015, the United States Trustee conducted an examination of the Debtor

    under Rule 2004 of the Federal Rules of Bankruptcy Procedure.  The Debtor testified that,

    prior to filing, she advised McCrary of her receipt of the 2013 federal and state tax

    refunds and discussed with him how the proceeds were spent.  She also provided him

    with bank statements, including February 2014.

14. McCrary does not dispute the fact that he knew about the Debtor's receipt of the tax

refunds and her subsequent payments to creditors.

15. Nonetheless, when the Debtor testified at her § 341 meeting of creditors on August 1,

2014, that she had no changes or corrections to make to her schedules and statements

McCrary did not correct the Debtor to disclose the payments made with the tax refunds.

16. The information only came to light at the § 341 meeting when the Trustee asked the

Debtor how she paid the attorney's fees.  She responded that she paid his fee from her

2013 tax refunds.

17. The Trustee then reviewed the February 2014 bank statement, questioned the Debtor

about the expenditure of the funds, and requested an amended Statement of Financial

Affairs.

18. The Debtor provided an affidavit itemizing the expenditure of the tax refund proceeds to

the Trustee on or about August 18, 2014.

19. On September 2, 2014, Debtor filed an amended Statement of Financial Affairs, detailing

the payments made to creditors, including her mother and sister.

20. The Trustee has recovered approximately $2,300 for the benefit of creditors on the

payment to the Debtor's sister.  Although he has received a judgment against the Debtor's

mother, it appears those funds may be uncollectible.

### Disgorgement under § 329

21. Section 329(b) of the Bankruptcy Code authorizes the Court to deny compensation to an

attorney, to cancel an agreement to pay compensation, or to order the return of

compensation paid, if the compensation exceeds the reasonable value of the services

provided.

22. The United States Trustee asserts that full disgorgement is justified in this case because:

   a)   McCrary failed to properly advise the Debtor about the receipt and expenditure of the tax refunds;

   b)   McCrary failed to disclose the Debtor's payments to or for the benefit of creditors or insiders in the Statement of Financial Affairs;

   c)   McCrary failed to advise the Debtor that such payments were potentially recoverable by the Trustee; and

   d)   McCrary failed to amend the schedules until after the payments had been discovered by the Trustee at the §341 meeting of creditors.

23. Accordingly, McCrary should be required to disgorge his entire fee and his fee agreement with the Debtor should be deemed canceled pursuant to § 329.

24. The United States Trustee requests that the fees be disgorged payable to the Chapter 7 Trustee as a representative of the estate pursuant to the Court's authority under 11 U.S.C. § 105(a).

### Sanctions under § 707(b)(4)

25. In addition, sanctions against McCrary are warranted under 11 U.S.C. § 707(b)(4).

26. The provisions of § 707(b)(4) are applicable to this case because the debt is primarily consumer debt.

27. Section 707(b)(4)(D) provides that "[t]he signature on the petition shall constitute a certification that the attorney has no knowledge after an inquiry that the information in the schedules filed with such petition is incorrect."

28. McCrary signed the Debtor's bankruptcy petition on page 3, acknowledging that "In a

case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the

attorney has no knowledge after an inquiry that the information in the schedules is

incorrect."

29. Furthermore, given that McCrary knew of the Debtor's tax refunds received in February

2014, any reasonable inquiry by him into the expenditure of those funds would have

revealed that the Debtor repaid debts to or for the benefit of her mother and sister.

30. As an experienced bankruptcy lawyer, McCrary knew or should have known that the

payments of these funds should have been disclosed on the Debtor's schedules or

statements.

31. Therefore, McCrary violated § 707(b)(4)(D) in and in connection with the Bankruptcy

Case when he filed the Debtor's schedules and statements with the knowledge that such

schedules and statements omitted these payments.

32. Alternatively, McCrary violated § 707(b)(4)(D) in and in connection with the Bankruptcy

Case by failing to conduct a reasonable investigation into the Debtor's receipt and

expenditure of the tax refunds, which were received by the Debtor within 90 days before

the commencement of the Bankruptcy Case, where such reasonable investigation would

have led any reasonable attorney in McCrary's position to inquire whether the Debtor

made any payments or transfers during this period.

33. Therefore, in addition to the disgorgement of attorney's fees under § 329, McCrary

should be sanctioned under § 707(b)(4). *See In re McKain*, 325 B.R. 842, 851 (Bankr. D.

Neb. 2005) (noting that attorneys may be subject to assessment of civil sanctions under

this provision for signing a petition without conducting a reasonable inquiry into the

underlying facts).

34. The United States Trustees requests that the Court impose a monetary sanction of

$1,500, an amount which is calculated to sufficiently deter future violations of

§ 705(b)(4) by McCrary and compensate the estate for the lost funds.  *See In re Triepke,*

2012 WL 1229524 * 4 (Bankr. W.D. Mo. April 12, 2012), (noting that sanctions are

intended to serve as both a deterrent and as compensation for the harm caused by the

conduct) *citing In re Thompson*, 329 B.R. 359, 362 (Bankr. D. Mass. 2005).

35. The United States Trustee requests that the sanctions be made payable to the Chapter 7

Trustee as a representative of the estate pursuant to the Court's authority under 11 U.S.C.

§ 105(a).

WHEREFORE, the United States Trustee respectfully requests that the Court's order

disgorging all attorney's fees pursuant to § 329, imposing a monetary sanction of $1,500 under

§ 707(b)(4), and for such further relief as the Court deems just and proper under the

circumstances.

Dated: April 22, 2015

Respectfully submitted,

DANIEL J. CASAMATTA
ACTING UNITED STATES TRUSTEE

By: */s/ Sherri L. Wattenbarger*
SHERRI L. WATTENBARGER
KS Bar # 16401
Trial Attorney
Office of the U.S. Trustee
400 East 9th St., Ste 3440
Kansas City, MO 64106
Telephone:  (816) 512-1940
Fax: (816) 512-1967
Sherri.Wattenbarger@usdoj.gov

CERTIFICATE OF MAILING

       I hereby certify that a copy of the United States Trustee's Motion for Disgorgement and Sanction was served upon all parties receiving electronic notification and upon any parties requested notices in this case by first-class mail, postage prepaid, this 22nd day of April, 2015:

Michael W. McCrary
Kespohl, McCrary & Cornejo, LLC
1103 East Walnut Street
Columbia, MO 65201

Lori Beth Pigg
22477 266th Road
Unionville, Missouri  63565

                                                     */s/ Sherri L. Wattenbarger*
                                                     Sherri L. Wattenbarger